

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-311-CV

IN RE SCOTT W. RHODES                                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

This is an original proceeding in which relator Scott W. Rhodes—a pro se inmate incarcerated in the Texas Department of Criminal Justice-Institutional Division ("the Department")—challenges the trial court's orders requiring the Department to withdraw funds from his inmate trust account to pay for court costs that he was ordered to pay as a result of his convictions.  According to Rhodes, the trial court violated his due process rights by rendering the order in accordance with Texas Government Code section 501.014(e) without giving

---

[1] *See* Tex. R. App. P. 47.4.

him prior notice and an opportunity to be heard. The court has considered Rhodes's petition for writ of mandamus and is of the opinion that relief should be denied. Accordingly, Rhodes's petition for writ of mandamus is denied.

**Background**

On April 18, 2008, Rhodes was convicted in two judgments of multiple felonies and sentenced to serve terms of confinement ranging from twelve months to five years. One of the judgments awarded court costs of $320.00, and the other awarded court costs of $270.00. While serving his sentences in prison, Rhodes opened an inmate trust account provided by the Department. On May 13, 2008, the trial court entered ex parte inmate trust fund withdrawal orders on the two judgments. Both orders specified a formula for determining the amount of each periodic withdrawal from Rhodes's inmate trust account to pay on both judgments for costs. Each order also specified that the withdrawals would continue until the total for each was paid. Each order further specified that, "on receipt of a copy of this Order, the Inmate Trust Fund Supervisor shall withdraw money from the account of the inmate, hold same in a separate account, and forward said money to the District Clerk of Tarrant County."

The trial court's withdrawal orders both indicate that they are based on Texas Government Code section 501.014(f)(5), which allows the Department

2

to withdraw from an inmate's trust account any amount the inmate is ordered to pay by order of the court, "as directed by court order in accordance with Subsection (e)." *See* Tex. Gov't Code Ann. § 501.014(e), (f)(5) (Vernon 2004). Subsection (e) requires that the inmate receive "notification by a court." *See id.* § 501.014(e). The record before us establishes that each withdrawal order directed the withdrawal of funds from Rhodes's trust account to pay the court fees and costs associated with each respective conviction, and the total amount of court fees and costs for each case was specified in each corresponding judgment.

On or about May 23, 2008, Rhodes received a copy of the court's withdrawal orders in the mail. The record reflects that the first withdrawal from his trust account occurred on June 2, 2008. He then filed his petition for writ of mandamus.

**Discussion**

In his petition, Rhodes, complains that he was not afforded procedural due process prior to the State's withdrawal of the funds. Specifically, he argues that he was entitled to notice and that he "did not receive any notice of any kind *before* his receipt of the above mentioned 'withdrawal orders,' nor any notice after." (emphasis added). Rhodes does not indicate how or why error exists except to argue that the State was required to follow the garnishment

3

procedures set forth in the Texas Rules of Civil Procedure prior to withdrawing the funds from his inmate trust account, which it failed to do. Rhodes contends that the failure to follow the garnishment procedures resulted in a violation of his due process rights as set forth in the United States Constitution and the Texas Code of Criminal Procedure. *See* U.S. Const. amend XIV; Tex. Code Crim. Proc. Ann. art. 1.04 (Vernon 2005). Rhodes asks this court to enter an order vacating the two withdrawal orders because of the lack of due process and asks us to order any money removed from his trust account be returned to that account.

We have already determined that orders entered pursuant to section 501.014 of the government code, such as the orders entered in this case, are final and appealable and that, therefore, mandamus is not available. *See In re Pannell*, No. 02-08-00301-CV, slip op. at 10–11 (Tex. App.—Fort Worth Feb. 25, 2009, orig. proceeding). Thus, we conclude and hold that Rhodes had an adequate legal remedy and is therefore not entitled to mandamus relief. Rhodes's petition is denied.

TERRIE LIVINGSTON
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: February 25, 2009

4